LAW OFFICES OF MIKEL D. BRYAN, P.C.
MIKEL D. BRYAN (SBN 84010)
550 Doyle Park Drive
Santa Rosa, California 95405
(707) 528-1231
Fax: (707) 528-3143

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In Re:<br><br>RMS PROPERTIES, LLC,<br><br>    Debtor.<br><br>———————————————<br><br>RMS PROPERTIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DELIVERY ASSOCIATES, INC.,<br>a California corporation<br><br>    Defendant. | Bankruptcy Case No.: 11-10231<br><br>Adversary Proceeding No.:<br><br>Chapter 11<br><br><br><br>COMPLAINT TO DETERMINE THE NATURE, EXTENT, AND VALIDITY OF LIEN OF DELIVERY ASSOCIATES INC.; AND FOR DECLARATORY RELIEF |

**COMPLAINT TO DETERMINE THE NATURE, EXTENT, AND VALIDITY OF LIEN OF DELIVERY ASSOCIATES, INC.; AND FOR DECLARATORY RELIEF**

Plaintiff, RMS Properties, LLC ("Plaintiff"), hereby alleges as follows:

1. This Court has jurisdiction over the within matter pursuant to 28 U.S.C. § 1334.

2. The within proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

Adversary Complaint

- 1 -

3. The within case was commenced by Plaintiff on January 25, 2011, by filing a voluntary petition pursuant to title 11, chapter 11, of the United States Bankruptcy Code. The Plaintiff's Chapter 11 Plan of Reorganization was approved by the Court by Order entered on May 7, 2012.

## FIRST CLAIM FOR RELIEF
(Nature, Extent, and Validity of Lien)

4. Plaintiff purchased from one, Robbie Stern, doing business as Palazzo Interiors, furniture, furnishings, fixtures, and other items (the "Personal Property) for use in Plaintiff's Colorado lodge.

5. The Personal Property is currently located at the premises of Deliver Associates, Inc. ("Defendant") in North Hollywood, California.

6. Defendant has filed a secured proof of claim in the amount of $51,279.84 and asserts that the Defendant's claim is secured by a "Warehouseman's Lien" on the Personal Property.

7. Plaintiff has made written demands on Defendant for production of a Warehouse Receipt or Storage Agreement for the Personal Property, but Defendant has failed and refused to produce such document(s).

8. Plaintiff does not believe that Defendant has a valid Warehouse Receipt or Storage Agreement for the Personal Property under California Commercial Code Section 7200 et. seq.

9. Further, Defendant did not give Plaintiff actual notice in writing, either by personal service or by registered letter addressed to Plaintiff, the holder of legal title to the Personal Property, that Defendant claimed a possessory lien on the Personal Property under California Civil Code Section 3051a or any other provision of Chapter 6 of the California Civil Code.

10. Based on Defendant's failure to hold a written Warehouse Receipt or Storage Agreement for the Personal Property, and the Defendant's failure to provide the Plaintiff with actual notice, in writing, either by personal service or by registered letter addressed to Plaintiff, that Defendant's claimed secured lien on the Personal Property is invalid and Defendant's claim,

Case: 12-01134   Doc# 1   Filed: 07/16/12   Entered: 07/16/12 13:40:06   Page 2 of 4

if any, should be treated as a general unsecured claim pursuant to the provisions of Debtor's confirmed Chapter 11 Plan.

## SECOND CLAIM FOR RELIEF
(Declaratory Relief)

11. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 though 10, above, as though set forth fully herein and at length.

12. There is an actual controversy between the Plaintiff and the Defendant, in that the Defendant claims a secured possessory interest in the Personal Property, and the Plaintiff denies that the Defendant has any secured possessory interest in the Personal Property, and any claim held by the Defendant, is wholly an unsecured claim to be treated pursuant to the provisions of the Debtor's confirmed Chapter 11 Plan.

13. As a result thereof, Plaintiff is entitled to declaratory relief that Defendant does not have a valid possessory lien on the Personal Property.

## THIRD CLAIM FOR RELIEF
(Declaratory Relief as to Amount of Claim)

14. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 though 10, above, as though set forth fully herein and at length.

15. The amount set forth in the defendant's claim is unreasonable and in excess of the value to the Chapter 11 estate of the services allegedly set forth in the proof of claim.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For a determination of the Nature, Extent, and Validity of the lien asserted by Delivery Associates Inc. on the Personal Property;

2. For a declaration that the Defendant's possession of the Personal Property does not constitute a valid lien on the Personal Property;

3. For a declaration of the reasonable value of the services to the Chapter 11 estate, if any, provided by the defendant.

4. For costs of suit incurred herein; and

5. For such other and further relief as this Court deems just and proper.

Adversary Complaint

- 3 -

Case: 12-01134    Doc# 1    Filed: 07/16/12    Entered: 07/16/12 13:40:06    Page 3 of 4

DATED: JULY 16, 2012                    MIKEL D. BRYAN, P.C.

                                                               /s/MIKEL D. BRYAN
By: Mikel D. Bryan
Attorney for Plaintiff